United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40088
Summary Calendar

_____

HARRIET DUPRIEST,

Plaintiff - Appellant,

versus

EATON CORPORATION; REGIONS BANK,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No.:  5:00-CV-332

_____

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

In 1993, an Arkansas court entered a divorce decree dissolving the marriage of Harriet and Mose Dupriest.  Mose Dupriest died in 1999.  In 2000, Harriet Dupriest, pro se, filed a complaint against Regions Bank and Eaton Corporation ("the defendants") seeking to recover her deceased ex-husband's pension and life insurance benefits and personal property.  The parties consented to disposition by a magistrate judge, who granted summary judgment for the defendants.

On appeal, Dupriest argues that the magistrate judge violated

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her due process and equal protection rights by refusing to set aside the Arkansas divorce decree, which she contends is invalid and fraudulent. She also argues that the magistrate judge erred by refusing to consider certain evidence and by refusing to compel discovery. We have reviewed the record and the briefs, and we AFFIRM the summary judgment essentially for the reasons stated in the magistrate judge's comprehensive, well-reasoned opinion. Furthermore, the magistrate judge's evidentiary and discovery rulings reflect no abuse of discretion.

Dupriest's argument, raised for the first time on appeal, that the magistrate judge abused her discretion by not transferring the case to "an appropriate federal district" is patently frivolous. Dupriest states in her brief that she used an acquaintance's address to establish residence in Texas even though she resided in Arkansas and, therefore, the district court did not have personal jurisdiction. Dupriest chose the forum for this lawsuit and never complained about it before the magistrate judge. She is in no position to do so now.

Dupriest's motion for appointment of counsel is DENIED. Her motion for a 90-day extension of time to reconstruct the record on appeal due to illness in the family is DENIED. Her alternative motion to strike the reconstructed record because she does not agree with the contents is DENIED. Eaton Corporation's motion to accept the reconstructed record on appeal is GRANTED, and its alternative motions to require Dupriest to identify deficiencies in

2

the reconstructed record, or to dismiss the appeal because of Dupriest's failure to satisfy her responsibilities under Federal Rule of Appellate Procedure 11(a), are DENIED as moot.